IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STOTTER & ASSOCIATES LLC<br>408 SW Monroe, Ste. M210E<br>Corvallis, OR, 97333<br><br>Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993<br><br>Defendant. | ) | Case No: 18-cv-1976 |

**COMPLAINT**

## I. INTRODUCTION

1. Plaintiff Stotter & Associates LLC ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Food and Drug Administration ("FDA"), in failing to provide Plaintiff with all non-exempt records responsive to eight FOIA Requests sent to that agency, dated April 25, 2018, April 26, 2018, April 27, 2018, April 30, 2018, May 1, 2018, May 2, 2018, May 3, 2018, and May 4, 2018, seeking copies of application records filed with the FDA with the active ingredient Pentosan Polysulfate Sodium (also known by its proprietary name Elmiron), and records for applications

submitted to the FDA pertaining to the drug Albendazole.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Stotter & Associates LLC, is an Oregon Limited Liability Corporation ("LLC") that, at all times relevant herein, has been headquartered in Corvallis, Oregon.

5. Defendant Food and Drug Administration is a federal agency of the United States, and a sub-component of the United States Department of Health & Human Services, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

**April 25, 2018 FOIA Request**

13. On or about April 25, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of agency records regarding cover letter(s) received by the FDA for any Abbreviated New Drug Applications (ANDA) involving the drug Albendazole received by that agency within the time period of January 1, 2015 to March 31, 2018.

14. On or about May 1, 2018, FDA sent a letter to Plaintiff's attorney, Daniel J. Stotter, acknowledging Plaintiff's April 25, 2018, FOIA request, and assigning it as FOIA No. 2018-3572.

15. On or about May 2, 2018, FDA sent a letter to Plaintiff's attorney, stating that it had completed the processing of FOIA request No. 2018-3572, and that the agency could neither confirm or deny the existence of records that would be responsive to this record request.

16. On or about May 25, 2018, Plaintiff's attorney appealed the above decision to the Department of Health and Human Services ("DHHS") FOIA appeals office.

17. On or about May 29, 2018, the DHHS FOIA appeals office sent a letter to Plaintiff's attorney, acknowledging Plaintiff's appeal of the agency decision in FOIA No. 2018-3572, and assigning it PHS FOIA Appeal No. 18-0076-AA.

18. On or about June 26, 2018, the DHHS FOIA appeals office sent an email to

Plaintiff's attorney, confirming a prior telephone call that day, regarding Plaintiff's receipt of acknowledgment letters from the DHHS FOIA appeals office to Plaintiff's attorney received on that date.

19. On or about June 27, 2018, Plaintiff's attorney sent an email to the DHHS FOIA appeals office, requesting a telephone call regarding the above referenced appeal.

20. On or about July 12, 2018, the DHHS appeals office sent an email to Plaintiff's attorney summarizing recent telephone calls between Plaintiff's attorney and DHHS regarding the status of Plaintiff's appeal, as well as indicating that until the Deputy Agency Chief FOIA officer made a release determination on this appeal, the agency did not have the authority to make representations about the anticipated outcome, or the anticipated decision date, for FOIA Appeal No. 18-0076-AA.

21. On or about July 30, 2018, Plaintiff's lawyer sent an email to the DHHS FOIA appeals office, once again requesting the status and an estimated decision date for PHS FOIA Appeal No. 18-0076-AA.

22. As of the date of the filing of this action Plaintiff Stotter & Associates LLC has not received any records for their April 25, 2018, FOIA request, nor a decision on their May 25, 2018, administrative appeal.

**April 26, 2018 FOIA Request**

23. On or about April 26, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of agency records of Page 1 of

the Abbreviated New Drug Applications (ANDA) Checklist (MAPP 5200.14) for any ANDA submission(s) involving te drug Albendazole, received by the FDA within the time period of January 1, 2015 to March 31, 2018.

24. On or about May 1, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its April 26, 2018, FOIA request, and assigning it FOIA No. 2018-3569.

25. On or about May 2, 2018, FDA sent a letter to Plaintiff's attorney that it had completed the processing of Plaintiff's FOIA request No. 2018-3569, and could neither confirm or deny the existence of records that would be responsive to this request.

26. On or about May 25, 2018, Plaintiff appealed the above FDA FOIA decision to the Department of Health and Human Services ("DHHS") FOIA appeal office.

27. On or about May 29, 2018, the DHHS FOIA appeals office sent a letter to Plaintiff's attorney, acknowledging Plaintiff's appeal of the agency decision in FOIA No. 2018-3569, and assigning it PHS FOIA Appeal No. 18-0075-AA.

28. On or about June 26, 2018, the DHHS appeals office sent an email to Plaintiff's attorney, confirming a prior telephone call regarding Plaintiff's receipt of acknowledgment letters from DHHS FOIA appeals office on that date.

29. On or about June 27, 2018, Plaintiff's attorney sent an email to the DHHS FOIA appeals office, requesting a telephone call regarding the above referenced appeal.

30. On or about July 12, 2018, the DHHS appeals office sent an email to

Plaintiff's attorney, summarizing recent telephone calls between Plaintiff's attorney and DHHS regarding the status of Plaintiff's appeal, as well as indicating that until the Deputy Agency Chief FOIA officer made a release determination on this appeal, the agency did not have the authority to make representations about the anticipated outcome or anticipated decision date for Plaintiff's FOIA Appeal No. 18-0075-AA.

31. On or about July 30, 2018, Plaintiff's lawyer sent an email to the DHHS FOIA appeals office, once again requesting the status and anticipated decision date of PHS FOIA Appeal 18-0075-AA.

32. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC has not received any records for their April 26, 2018, FOIA request to the FDA, nor a decision on their May 25, 2018, FOIA administrative appeal.

**April 27, 2018 FOIA Request**

33. On or about April 27, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of all agency records regarding any federal form FDA 356h "Application To Market A New Or Abbreviated New Drug or Biologic for Human Use" involving the drug Albendazole that was received by the FDA within the time period of January 1, 2015 to March 31, 2018.

34. On or about May 2, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its April 26, 2018, FOIA request, and assigning it FOIA No. 2018-3642.

35. On or about May 15, 2018, Plaintiff's attorney sent an email inquiring as to the status of FOIA No. 2018-3642.

36. On or about May 16, 2018, FDA sent an email to Plaintiff's attorney stating that the due date for responding to this FOIA request was May 31, 2018.

37. On or about July 31, 2018, Plaintiff's attorney sent an email to FDA, once again inquiring as to the status of Plaintiff's April 27, 2018, FOIA request.

38. On or about August 2, 2018, FDA sent an email to Plaintiff's attorney stating that there were some records that the agency could disclose, but that the fee's for this request would be approximately $150 to $200.

39. On or about August 2, 2018, Plaintiff's attorney sent an email to FDA, in response to FDA's email of that date described in the paragraph above, noting that FDA was prohibited from seeking to charge any search fees if the agency had not met its statutory time frame. However, in this email, Plaintiff's attorney agreed to pay for any lawful duplication costs should they arise.

40. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC has not received any of the records it requested in their April 27, 2018, FOIA request.

**April 30, 2018 FOIA Request**

41. On or about April 30, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of agency records regarding any federal form FDA 3794 (generic drug user fee cover sheet) involving the drug

Albendazole, received by the FDA from January 1, 2015 to March 31, 2018.

42. On or about May 3, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its April 30, 2018, FOIA request, and assigning it FOIA No. 2018-3666.

43. On or about May 7, 2018, FDA sent a response to Plaintiff's attorney, indicating that the agency could neither confirm nor deny the existence of records responsive to Plaintiff's April 30, 2018, FOIA request.

44. On or about May 25, 2018, Plaintiff's attorney appealed the FDA's May 7, 2018 FOIA decision for FOIA No. 2018-3666 to the Department of Health and Human Services ("DHHS") FOIA appeals office.

45. On or about May 29, 2018, FDA sent a letter to Plaintiff's attorney, acknowledging his May 25, 2018 FOIA appeal, and assigning it tracking number PHS FOIA Appeal No. 18-0074-AA.

46. On or about June 26, 2018, the DHHS FOIA appeals office sent an email to Plaintiff's attorney, confirming a prior telephone call that day, regarding Plaintiff's receipt of acknowledgment letters from the DHHS FOIA appeals office sent via email to Plaintiff's attorney on that date.

47. On or about June 27, 2018, Plaintiff's attorney sent an email to the DHHS FOIA appeals office requesting a telephone call regarding the above referenced appeal.

48. On or about July 12, 2018, the DHHS appeals office sent an email to

Plaintiff's attorney summarizing recent telephone calls between Plaintiff's attorney and DHHS regarding the status of Plaintiff's appeal, as well as indicating that until the Deputy Agency Chief FOIA officer made an appeal determination, that the agency did not have the authority to make representations about the anticipated out come or anticipated date of issuing a decision for Plaintiff's FOIA Appeal No. 18-0074-AA.

49. On or about July 30, 2018, Plaintiff's lawyer sent an email to the DHHS FOIA appeals office, once again requesting the status and an estimation of completion of PHS FOIA Appeal 18-0074-AA.

50. As of the date of the filing of this action Plaintiff Stotter & Associates LLC has not received any records from their April 30, 2018 FOIA request, nor a decision on their May 25, 2018, administrative appeal.

**May 1, 2018 FOIA Request**

51. On or about May 1, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of agency records regarding cover letter(s) received by the FDA for any Abbreviated New Drug Applications (ANDA) with the active ingredient of Pentosan Polysulfate Sodium or the proprietary name Elmiron, received by the FDA from January 1, 2015 to March 31, 2018.

52. On or about May 3, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its May 1, 2018, FOIA request, and assigning it FOIA No. 2018-3667.

53. On or about May 7, 2018, FDA sent a letter to Plaintiff's attorney, stating that it had completed the processing of Plaintiff's FOIA request No. 2018-3667 and could neither confirm or deny the existence of records that would be responsive to said request.

54. On or about May 25, 2018, Plaintiff's attorney appealed the FDA's May 7, 2018 FOIA decision to the Department of Health and Human Services ("DHHS") FOIA appeals office.

55. On or about May 29, 2018, the DHHS FOIA appeals office sent a letter to Plaintiff's attorney acknowledging Plaintiff's appeal of the agency decision in FOIA No. 2018-3667, and assigning it PHS FOIA Appeal No. 18-0073-AA.

56. On or about June 27, 2018, Plaintiff's attorney sent an email to the DHHS FOIA appeals office, requesting a telephone call regarding the above referenced appeal.

57. On or about July 12, 2018, the DHHS appeals office sent an email to Plaintiff's attorney summarizing recent telephone calls between Plaintiff's attorney and DHHS regarding the status of Plaintiff's appeal, as well as indicating that until the FDA's Deputy Agency Chief FOIA officer made a release determination for this record request, the agency did not have the authority to make representations about the anticipated outcome or anticipated decision regarding Plaintiff's May 25, 2018, FOIA appeal.

58. On or about July 30, 2018, Plaintiff's lawyer sent an email to the DHHS FOIA appeals office, requesting the status and an estimation of completion of PHS FOIA Appeal No. 18-0073-AA.

59. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC has not received any records responsive to their May 1, 2018 FOIA request, nor a decision on their May 25, 2018, administrative appeal.

**May 2, 2018 FOIA Request**

60. On or about May 2, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of all agency records regarding Page 1 of the Abbreviated New Drug Applications (ANDA) Checklist (MAPP 5200.14) for any ANDA submissions(s) involving any drug(s) with the active ingredient of Pentosan Polysulfate Sodium , and / or the proprietary name Elmiron, received by the FDA within the time period of January 1, 2015 to March 31, 2018.

61. On or about May 4, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its May 2, 2018, FOIA request, and assigning it FOIA No. 2018-3691.

62. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC have not received any of the records it requested in their May 2, 2018, FOIA request.

**May 3, 2018 FOIA Request**

63. On or about May 3, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of all agency records regarding any federal form FDA 356h " Application to Market a New or Abbreviated New Drug or Biologic for Human Use" involving any drug(s) with the active ingredient of Pentosan

Polysulfate Sodium and / or the proprietary name Elmiron, received by the FDA within the time period of January 1, 2015 to March 31, 2018.

64. On or about May 7, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its May 3, 2018, FOIA request, and assigning it FOIA No. 2018-3739.

65. On or about August 2, 2018, FDA sent an email to Plaintiff stating that some records could be disclosed in response to this request, however Plaintiff would need to authorize payment of fees in the amount of between $150-$200.

66. On or about August 2, 2018, Plaintiff's attorney sent an email to FDA stating that because FDA had failed to meet its statutory time frame for a FOIA request that it was prohibited from seeking to charge search fees. However, in this email, Plaintiff's attorney agreed to pay for any lawful duplication costs should they arise.

67. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC has not received any of the records requested in their May 3, 2018, FOIA request.

**May 4, 2018 FOIA Request**

68. On or about May 4, 2018, Plaintiff, by and through their attorney Daniel J. Stotter, sent a FOIA request to the FDA, seeking copies of all agency records regarding any federal form FDA 3794 (generic drug user fee cover sheet) involving any drug(s) with the active ingredient of Pentosan Polysulfate Sodium and / or the proprietary name Elmiron, received by the FDA from January 1, 2015, to March 31, 2018.

69. On or about May 7, 2018, FDA sent a letter to Plaintiff, by and through their attorney, Daniel J. Stotter, acknowledging its May 4, 2018, FOIA request, and assigning it FOIA No. 2018-3737.

70. As of the date of the filing of this action, Plaintiff Stotter & Associates LLC has not received any of the records it requested in their May 4, 2018, FOIA request to the FDA described above.

## VII. CLAIMS FOR RELIEF

### **First Claim: April 25, 2018, FOIA Request**

71. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-22 previously set forth herein.

72. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its April 25, 2018, FOIA request.

73. By failing to provide Plaintiff with all non-exempt responsive record to its April 25, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

74. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 25, 2018, FOIA request.

75. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 25, 2018, FOIA request, Defendant FDA has

denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

76. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its April 25, 2018 FOIA request described above.

77. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its April 25, 2018 FOIA request described above.

78. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

79. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Second Claim: April 26, 2018 FOIA Request**

80. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 23-32 previously set forth herein.

81. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its April 26, 2018, FOIA request.

82. By failing to provide Plaintiff with all non-exempt responsive record to its April 26, 2018, FOIA request as described in paragraph 23 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

83. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 26, 2018, FOIA request.

84. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 26, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

85. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 23 above.

86. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

87. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

88. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Third Claim: April 27, 2018 FOIA Request**

89. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 33-40 previously set forth herein.

90. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-

exempt responsive records for its April 27, 2018, FOIA request.

91. By failing to provide Plaintiff with all non-exempt responsive record to its April 27, 2018, FOIA request as described in paragraph 33 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

92. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 27, 2018, FOIA request.

93. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 27, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

94. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 33 above.

95. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

96. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

97. Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Fourth Claim: April 30, 2018 FOIA Request**

98. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 41-50 previously set forth herein.

99. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its April 30, 2018, FOIA request.

100. By failing to provide Plaintiff with all non-exempt responsive record to its April 30, 2018, FOIA , FOIA request as described in paragraph 41 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

101. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 30, 2018, FOIA request.

102. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 30, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

103. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 41 above.

104. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

105. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

106. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Fifth Claim: May 1, 2018 FOIA Request**

107. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 51-59 previously set forth herein.

108. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its May 1, 2018, FOIA request.

109. By failing to provide Plaintiff with all non-exempt responsive record to its May 1, 2018, FOIA request as described in paragraph 51 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

110. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 1, 2018, FOIA request.

111. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 1, 2018, FOIA request, Defendant FDA has denied

Plaintiff's right to this information as provided by law under the Freedom of Information Act.

112. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 51 above.

113. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

114. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

115. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Sixth Claim: May 2, 2018 FOIA Request**

116. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 60-62 previously set forth herein.

117. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its May 2, 2018, FOIA request.

118. By failing to provide Plaintiff with all non-exempt responsive record to its May 2, 2018, FOIA request as described in paragraph 60 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

119. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 2, 2018, FOIA request.

120. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 2, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

121. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 60 above.

122. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

123. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

124. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Seventh Claim: May 3, 2018 FOIA Request**

125. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 63-67 previously set forth herein.

126. Defendant FDA has violated FOIA by failing to provide Plaintiff with all

non-exempt responsive records for its May 3, 2018, FOIA request.

127. By failing to provide Plaintiff with all non-exempt responsive record to its May 3, 2018, FOIA request as described in paragraph 63 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

128. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 3, 2018, FOIA request.

129. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 3, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

130. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 63 above.

131. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

132. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

133. Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Eighth Claim: May 4, 2018 FOIA Request**

134. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs 1-12 and paragraphs 68-70 previously set forth herein.

135. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its May 4, 2018, FOIA request.

136. By failing to provide Plaintiff with all non-exempt responsive record to its May 4, 2018, FOIA request as described in paragraph 68 above, Defendant FDA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

137. Defendant FDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 4, 2018, FOIA request.

138. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 4, 2018, FOIA request, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

139. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 68 above.

140. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to its FOIA request described above.

141. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

142. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Stotter & Associates LLC respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its April 25, 2018; April 26, 2018; April 27, 2018; April 30, 2018; May 1, 2018; May 2, 2018; May 3, 2018; and May 4, 2018 FOIA requests submitted to the FDA described above.

2. Declare Defendant FDA has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's April 25, 2018; April 26, 2018; April 27, 2018; April 30, 2018; May 1, 2018; May 2, 2018; May 3, 2018; and May 4, 2018 FOIA requests to the FDA described above.

3. Direct by injunction that Defendant FDA perform an adequate search for records responsive to its April 25, 2018; April 26, 2018; April 27, 2018; April 30, 2018; May 1, 2018; May 2, 2018; May 3, 2018; and May 4, 2018 FOIA requests, and provide

Plaintiff with all non-exempt responsive records to each of those FOIA requests.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 23rd day of August, 2018.

Respectfully submitted,

/s/

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**